IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-3529-K |
| | § | |
| CONN APPLIANCES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Conn Appliances, Inc.'s ("Defendant") Motion to Dismiss and Compel Arbitration, or in the Alternative, Plea in Abatement (Doc. No. 17). After careful consideration of the motion, response, reply, the appendices, the applicable law, and the relevant record, the Court hereby **GRANTS** Defendant's motion to dismiss the case and compel arbitration for the following reasons.

I. **Factual and Procedural Background**

Plaintiff Steven Edwards ("Plaintiff") entered into four (4) separate rental agreements (collectively "Agreements") with Defendant Conn Appliances, Inc. ("Defendant") for consumer goods. The first Agreement was entered into October 21, 2011 ("October Agreement"). Plaintiff then entered into three (3) more Agreements, dated May 12, 2012 ("May Agreement"), November 25, 2012 ("November Agreement"), and March 21, 2013 ("March Agreement"). At some point thereafter,

ORDER – PAGE 1

Plaintiff allegedly defaulted on one or more of these Agreements. Beginning on or around April 26, 2014, Defendant began calling Plaintiff, attempting to collect the debt he owed. Plaintiff alleges Defendant often called multiple times within a 24-hour period and often with an "artificial or pre-recorded voice," and these calls even disrupted his job. Based upon Defendant's actions related to these collection attempts, Plaintiff sued Defendant on September 29, 2014, in this Court. Plaintiff filed an Amended Complaint on November 25, 2014, alleging Defendant violated state and federal law with its debt collection practices in relation to Plaintiff and any alleged default under the Agreements. Defendant filed this Motion to Dismiss and Compel Arbitration, or in the Alternative, Plea in Abatement, which is now ripe for determination.

## II.   Motion to Dismiss and Compel Arbitration

Defendant moves the Court to dismiss the case and compel arbitration of Plaintiff's claims. In support of its motion, Defendant directs the Court to the arbitration clause contained in the Agreements between Plaintiff and Defendant. Defendant argues that Plaintiff is precluded from pursuing his claims in court because he agreed to submit any claims arising out of the Agreements to binding arbitration when he signed the Agreements. Plaintiff contends that the first rental Agreement, the October Agreement, does not contain an arbitration clause, and there is no evidence establishing which Agreement Plaintiff defaulted on and the collection attempts resulted from. Because it is not clear whether collection efforts were made based on the October Agreement, which had no arbitration clause, Plaintiff argues that his claims cannot fall

within the scope of the arbitration clause, so he is not bound to arbitrate. Plaintiff also argues that, regardless of whether his claims fall within the scope of the arbitration clause, the clause is unenforceable under state law.

    A.    **Applicable Law**

The Supreme Court has declared that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* "is a congressional declaration of a liberal policy favoring arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24 (1983). Further, federal policy strongly favors the enforcement of arbitration agreements. *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 217 (1985); *Texaco Exploration and Production Co. v. AmClyde Engineered Products Co., Inc.,* 243 F.3d 906, 909 (5th Cir. 2001). Under the FAA, federal courts are required to stay any matter referable to arbitration. 9 U.S.C. § 3; *Texaco,* 243 F.3d at 909. However, because arbitration is necessarily a matter of contract, courts may require a party to submit a dispute to arbitration only if the party has expressly agreed to do so. *Personal Security & Safety Sys. Inc. v. Motorola Inc.,* 297 F.3d 388, 392 (5th Cir. 2002)( citing *AT&T Tech., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648 (1986)).

Courts perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. *Will-Drill Res., Inc. v. Samson Res. Co.,* 352 F.3d 211, 214 (5th Cir. 2003); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996)(citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). First, the court must determine whether the parties agreed to arbitrate the dispute. *Will-Drill,*

352 F.3d at 214; *Webb*, 89 F.3d at 258. This first step requires the court to determine whether (1) the parties have a valid agreement to arbitrate and (2) whether the dispute falls within the scope of the arbitration agreement. *Webb*, 89 F.3d at 258. Whether the parties have a valid agreement to arbitrate is governed by state law, whereas determining the scope of the arbitration agreement calls for application of the federal policy favoring arbitration and resolving ambiguities in favor of arbitration. *Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 914 (5th Cir. 2014). Only if the court finds there is an agreement to arbitrate does it consider the second step of whether any legal constraints render the claims nonarbitrable. *Webb*, 89 F.3d at 258.

Courts must be mindful not to consider the merits of the underlying action when applying this two-step analysis. *Primerica Life Ins. Co. v. Brown,* 304 F.3d 469, 471 (5th Cir. 2002); *Snap-On Tools Corp. v. Mason,* 18 F.3d 1261, 1267 (5th Cir. 1994). Under Section 4 of the FAA, the court determines only whether the arbitration clause covers the allegations at issue, and if it does, "the court may not delve further into the merits of the dispute." *Primerica,* 304 F.3d at 471 (quoting *Snap-On Tools,* 18 F.3d at 1267). Although there is a strong federal policy favoring arbitration, the court does not defer to this policy when making the initial determination about the existence of an agreement to arbitrate. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008)(internal citations omitted)*; Will-Drill*, 352 F.3d at 214. However, if a valid agreement to arbitrate does exist, the court must observe the strong federal policy

favoring arbitration and resolve all ambiguities in favor of arbitration. *Primerica*, 304 F.3d at 471.

    B.    **Agreement to Arbitrate Between the Parties**

The Court must first determine whether there is an agreement to arbitrate between these two parties. The Court must decide (1) whether the parties have a valid agreement to arbitrate and (2) whether the dispute falls within the scope of that arbitration agreement. *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). A review of the motion, response, and reply reveals that the parties do not dispute the first factor of whether the parties have a valid agreement to arbitrate. Instead, Plaintiff contends in his response that this dispute does not fall within the scope of the arbitration clauses, the second factor. Therefore, the Court need only address this second factor of whether the dispute is subject to the scope of the arbitration clause.

The arbitration clause found in the Agreements states that:

> You agree that any claim, dispute, or controversy arising from or relating to this Agreement, including, but not limited to, disputes relating to any documentation governing your obligations under this Agreement, any claim, dispute, or controversy alleging fraud, misrepresentation, or other claim, whether under common law, equity, or pursuant to federal, state, or local statute or regulation, any dispute related to collection activities taken by Conn's, our affiliates, subsidiaries, agents, officers, employees, servicers, directors, or assigns regarding monies owed under this Agreement, or the scope and validity of this arbitration clause (including disputes as to the matters subject to arbitration), or the enforcement or interpretation of any other provision of this Agreement, shall be resolved by binding individual (and not class) arbitration by and under the administration of: (1) the National Arbitration Forum ("NAF") in accordance with its Code of Procedure in effect at the time the claim is filed, (2) the American Arbitration Association "(AAA") in accordance with

>   its Arbitration Rules in effect at the time the claim is filed, or (3) if for any reason either the NAF or the AAA is unable or unwilling or ceases to serve as an administrator of the arbitration, or in any event by agreement of the parties, the parties agree to select a local arbitrator who is an attorney, retired judge, or arbitrator registered and in good standing with an arbitration association, and who is experienced in consumer finance and debt collection, to arbitrate the dispute consistent with the requirements of this Agreement and pursuant to such arbitrator's rules.  The claim or dispute will be arbitrated by a single arbitrator on an individual basis and not as a class action.  You and we are waiving the right or opportunity to litigate disputes in a court of law.  Any arbitration hearing that is held will take place at a location convenient to your residence.  This arbitration clause is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1-16), and not by any state law that might otherwise apply.  Judgment upon the award may be entered in any court having jurisdiction.
>
>   You understand that under this arbitration clause, you expressly waive your right to participate as a class representative or class member on any class action claim you may have against us, our affiliates subsidiaries, employees, officers, directors, agents, servicers, or assigns, including any right to class arbitration or any consolidation of individual arbitrations. This agreement does not constitute a waiver of any of your rights and remedies to pursue a claim individually (and not as a class action) in binding arbitration as provided above.
>
>   This arbitration clause does not apply to any legal remedies that may be pursued to collect monies owed under the Agreement.  This arbitration clause is an independent agreement and shall survive the termination, payoff or transfer of this Agreement.  If any part of this arbitration clause is found by a court to be unenforceable for any reason, the remainder of this clause shall remain enforceable.

The Agreements, Doc. No. 17-1, at pp. 5, 7, & 9.  Defendant takes the position that Plaintiff's claims undoubtedly fall within the scope of the arbitration clause because the arbitration clause specifically encompasses all dispute related to collection activities for any money owed under the Agreement, and Plaintiff's claims all center on Defendant's collection practices.  Plaintiff, on the other hand, contends that it is not apparent from

the face of his Amended Complaint that his claims fall within the scope of the arbitration clause of the Agreements.  Specifically, Plaintiff alleges that the October Agreement does not contain an arbitration clause, and it is not apparent whether any of the collection calls Defendant placed were in relation to the October Agreement.  Therefore, he cannot be compelled to arbitrate any of his claims because it is not clear which telephone calls arose from which Agreement.

In determining whether a claim falls within the scope of the arbitration clause, the court looks to the underlying factual allegations, not the legal causes of action. *Colt Unconventional Res., LLC v. Resolute Energy Corp.*, 3:13-CV-1324-K, 2013 WL 3789896, *5 (N.D. Tex. July 19, 2013)(citing *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 900 (Tex. 1995)).  The Fifth Circuit has held that "whenever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration." *Hornbeck Offshore (1984) Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 755 (5th Cir. 1993) (quoting *Mar-Len of La., Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635 (5th Cir. 1985)); *see also Banc One*, 367 F.3d at 429 ("[O]nce a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration.").  Therefore, the party seeking to compel arbitration need only show that the arbitration clause can plausibly be read to cover the dispute at issue. *See Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990).

In its reply to Plaintiff's response, Defendant states that "[b]efore Plaintiff defaulted on his debts, he transferred the balance of his Conn's account associated with the October 21, 2011 agreement to an account associated with the May 12, 2012 agreement." Defendant filed the affidavit of Clint Walton, Senior Manager of Compliance Credit and Collection for Defendant, in support of this factual allegation. Mr. Walton testified that Plaintiff's balance on the October Agreement was transferred to the May Agreement and this transfer occurred before Plaintiff defaulted on any of that debt. Furthermore, Mr. Walton testified that Defendant never attempted to collect on that October Agreement account; instead, their collection efforts "have focused exclusively on the accounts associated with the Agreements dated May 12, 2012, November 25, 2012, and March 21, 2013."

Based on the record before the Court, any alleged default by Plaintiff involves only the May Agreement, November Agreement, and March Agreement. Also established by the record before the Court, Defendant's collection efforts were based solely on those same three Agreements, all of which contain the same arbitration clause. This arbitration clause expressly covers any dispute arising from or relating to collection efforts taken in relation to the Agreement. All of Plaintiff's claims arise from Defendant's conduct related to the collection calls which all resulted from his alleged default on the May Agreement, November Agreement, and/or March Agreement. The Court finds this dispute clearly falls within the scope of the arbitration clause. Because the first factor was not in dispute and the second factor is satisfied, the Court finds there

is a valid agreement to arbitration between these parties and all of Plaintiff's claims fall within the scope of the arbitration clause.

### C. Does Federal or State Statute or Policy Render Claims Non-Arbitrable?

The Court now addresses the second step of this inquiry and considers whether any federal statute or policy renders Plaintiff's claims nonarbitrable. *See Will-Drill*, 352 F.3d at 214; *Webb*, 89 F.3d at 258. If a party agrees to arbitrate, "the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi*, 473 U.S. at 628; *see Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 674 (5th Cir. 2006). The party wishing to avoid arbitration "bears the burden of proving that Congress intended to preclude a waiver of a judicial forum" for the statutory claim at issue. *Garrett*, 449 F.3d at 674.

Plaintiff argues his claims are nonarbitrable because the arbitration clause is unenforceable under state law as it is a separate agreement that is void for lack of consideration. As the party arguing against arbitration, Plaintiff bears the burden on this issue. *See id.* Texas law requires that all contracts, including arbitration agreements, be supported by sufficient consideration. *See In re Palm Harbor Homoes, Inc.*, 195 S.W.3d 672, 676 (Tex. 2006). Texas law also provides that "'when an arbitration clause is part of an underlying contract, the rest of the parties' agreement provides the consideration.'" *U.S. ex rel. D.R. Swindle Const., L.P. v. Travelers Cas. and Sur.*, 7:08-CV-00174-O, 2009 WL 1904852, at *2 (N.D. Tex. July 1, 2009)(O'Connor, J.)(quoting *In re AdvancePCS*

*Health, L.P.*, 172 S.W.3d 603, 607 (Tex. 2005)). But if an arbitration clause is a stand-alone agreement, a binding promise by both parties is required to provide sufficient consideration. *In re Advance PCS*, 172 S.W.3d at 607.

In his response, Plaintiff concedes this is the law in Texas, recognizing that if the arbitration clause at issue were a part of the Agreement, the Agreement itself would be sufficient consideration. But Plaintiff argues that this arbitration clause is a stand-alone agreement which required a binding promise by Plaintiff and Defendant. *See In re Advance PCS*, 172 S.W.3d at 607. As support for his argument that it is a stand-alone agreement, Plaintiff points to the following language contained in the arbitration clause:

> "This arbitration clause is an independent agreement and shall survive the termination, payoff, or transfer of this Agreement."

This arbitration clause is contained within the Agreements; it was not signed as a separate document. Plaintiff cites no case law, nor could the Court find any in its own research, which supports his contention that mere use of the term "independent agreement" and recitation that the arbitration clause would survive the Agreement render this arbitration clause a stand alone agreement. Plaintiff offers nothing to support his conclusory argument that this clause is somehow a stand alone agreement even though it is contained within the rental agreement. Therefore, the Court concludes this arbitration clause is not a stand-alone agreement, but is merely one provision contained within the rental agreement between these parties, and as such, the Agreement

itself provides the required consideration for the arbitration clause. *See D.R. Swindle Constr.*, No. 7:08-CV-00174-O, 2009 WL 1904852, at *2.

Plaintiff failed to meet his burden of showing that his claims are non-arbitrable. Because there is a valid agreement to arbitrate between these parties and there is no federal statute or policy rendering Plaintiff's claims nonarbitrable, the Court concludes compelling all of Plaintiff's claims against Defendant to arbitration is appropriate.

### D.   Dismissal

Defendant asks this Court to dismiss this case if compelled to arbitration. Plaintiff contends that Defendant has failed to show "this is a matter that warrants dismissal." The Fifth Circuit has held that a district court may properly dismiss a case "when all of the issues raise in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)(internal citations omitted). District courts are granted broad discretion in determining whether to stay a case pending arbitration or to dismiss it. *See Rodriguez v. John Eagle Sport City Motors, LLP*, Civ. No. 3:14-CV-0334-D, 2014 WL 2587599, at *6 (N.D. Tex. June 10, 2014)(Fitzwater, C.J.). The Court concludes that retaining jurisdiction and staying this case will serve no purpose. Therefore, in its discretion, the Court dismisses the case.

### III.   Conclusion

The Court concludes there is a valid agreement to arbitrate between these parties and Plaintiff's claims fall within the scope of the arbitration clause, and there is no federal statue or policy which renders Plaintiff's claims non-arbitrable. Accordingly, the

Court **dismisses** the case and orders Plaintiff's claims to arbitration. *See* 9 U.S.C. § 3; *Alford*, 975 F.2d at 1164.

  SO ORDERED.

  Signed April 24th, 2015.

            _/s/ Ed Kinkeade_
            ED KINKEADE
            UNITED STATES DISTRICT JUDGE